## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

GINA MOLLER,

        Plaintiff,

                         Case No. 12-15524

      v.                    HON. TERRENCE G. BERG

CMS – CENTERS FOR MEDICARE
 & MEDICAID SERVICES,

        Defendant.

_____/

### ORDER DENYING MOTION FOR RECONSIDERATION
### OF ORDER DENYING APPOINTMENT OF COUNSEL (DKT. 13)

Plaintiff Gina Moller, proceeding pro se, filed this action against Defendant, Centers for Medicare and Medicaid Services ("CMS") on December 18, 2012 (Dkt. 1). That same day, Plaintiff also filed an application to proceed in forma pauperis (Dkt. 2), and a request for the appointment of counsel (Dkt. 3). On January 9, 2013, the Honorable Gershwin A. Drain granted Plaintiff's motion to proceed in forma pauperis, but denied her request for the appointment of counsel (Dkt. 4).

On April 1, 2013, Plaintiff's case was reassigned to this Court (Dkt. 7).

On May 3, 2013, Plaintiff filed a motion titled, "Motion for Review Appointment of Counsel" (Dkt. 13). The Court construes this motion as one seeking reconsideration of Judge Drain's January 9, 2013 Order denying Plaintiff's request for the appointment of counsel.

Eastern District of Michigan Local Rule 7.1(h)(1) provides that a motion for reconsideration must be filed within fourteen days of the entry of the judgment or order being challenged. Here, Plaintiff's motion was filed nearly four months after

the entry of Judge Drain's initial Order, well-past the two weeks allowed under the Local Rules.  The instant motion for reconsideration is therefore untimely.

Further, even if Plaintiff's motion had been timely made, motions for reconsideration will not be granted where they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  E.D. Mich. LR 7.1(h)(3).  To be successful, a movant "must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case."  *Id*.  A defect is palpable if it is easily perceptible, plain, obvious, readily visible, noticeable, patent, distinct or manifest.  *See Compuware Corp. v. Serena Software International, Inc.,* 77 F. Supp. 2d 816, 819 n.9 (E.D. Mich. 1999).

In her motion, Plaintiff appears to be making an argument that she is entitled to have counsel appointed as a reasonable accommodation under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., as amended by the Americans with Disability Act Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325.  This argument was not explicitly raised in Plaintiff's original petition for appointment of counsel.  However, Plaintiff's new argument does not amount to an allegation that there was a palpable defect in the January 9, 2013 order denying the appointment of counsel.  Judge Drain's Order correctly stated that the appointment of counsel in a civil case is not a constitutional right, but a privilege justified only under exceptional circumstances.

2

*Lavado v. Keohane,* 992 F.2d 601, 606 (6th Cir. 1993); *see also, Henry v. Detroit Manpower Dep't,* 763 F.2d 757, 760 (6th Cir. 1985).  Having reviewed Plaintiff's motion for reconsideration, the amended complaint, and Defendant's motion to dismiss that complaint for lack of subject matter jurisdiction (Dkt. 14), the Court is not persuaded that such exceptional circumstances exist in this case.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. 13) is **DENIED**.

It is **FURTHER ORDERED** that Plaintiff is **DIRECTED** to file a response to Defendant's Motion to Dismiss Revised Complaint (Dkt. 14) on or before June 13, 2013**,** and Defendant is **DIRECTED** to file any reply on or before June 27, 2013**.**

Dated:  May 13, 2013                    s/Terrence G. Berg
                                        TERRENCE G. BERG
                                        UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on May 13, 2013, using the CM/ECF system, which will send notification to Defendant.  A Copy of this Order was also served upon Gina Moller by ordinary mail at P.O. Box 233, Jackson, MI 49204.

s/A. Chubb
Case Manager

3