UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

GINA MOLLER,

        Plaintiff,

        v.

CMS – CENTERS FOR MEDICARE
 & MEDICAID SERVICES,

        Defendant.
_____/

Case No. 12-15524
HON. TERRENCE G. BERG

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT (DKT. 17)
AND MOTION FOR STAY OF PROCEEDINGS (DKT 18)**

On April 24, 2013, in response to a motion to dismiss filed by Defendant (Dkt. 8), Plaintiff Gina Moller, proceeding pro se, filed an amended complaint (Dkt. 11). In light of the amended complaint, the Court denied Defendant's initial motion to dismiss as moot (Dkt 12). Defendant subsequently filed a motion to dismiss the amended complaint (Dkt 14). Plaintiff has now filed a motion for summary judgment (Dkt. 17), asserting that "Defendant has twice attempted to dismiss this case under substantially similar arguments, already *denied as moot*," (emphasis added) and seeking "[i]n the interest of Justice and saving the Court's resources of time and money, [that] this case should be adjudicated under Federal Rules of Civil Procedure, Rule 56(a)." Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) this motion will be determined without a hearing.

As an initial matter, summary judgment is only appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Plaintiff's

motion has neither demonstrated the absence of a genuine dispute as to any question of material fact, nor shown that the undisputed facts entitle her to judgment as a matter of law. Thus, Plaintiff's motion for summary judgment must be denied.

Because it appears to the Court that Plaintiff's pro se motion may have been prompted by a misunderstanding of the concept of "mootness" and of the meaning of the Court's April 26, 2013 Order denying Defendant's motion to dismiss without prejudice, the Court will explain why a motion for summary judgment is not appropriate at this time.

The "Mootness Doctrine" is defined by Black's Law Dictionary as "The principle that American courts will not decide moot cases – that is, cases in which there is no longer any actual controversy." Black's Law Dictionary 1100 (9th ed. 2009). Defendant's initial motion to dismiss was directed toward Plaintiff's *original* complaint. Once Plaintiff filed an *amended* complaint, as was her right to do, the mootness doctrine required that Defendant's initial motion to dismiss the earlier complaint must be denied as moot (because that earlier complaint was no longer the basis of the actual controversy). The mootness doctrine was thus the sole basis for the Court's April 26, 2013 Order denying the Defendant's motion to dismiss.

The amended complaint effectively took the place of the original complaint and made it as though that original complaint ceased to exist. At that point, procedurally, the Court lost the ability to grant Defendant's motion to dismiss, even if the Defendant was legally entitled to a dismissal of the original complaint,

because the original complaint had been replaced by the amended complaint. The Court's denial of Defendant's initial motion was simply a function of the Rules the Court is required to follow, not a determination of the legal sufficiency of Plaintiff's original complaint. It was nothing more than a recognition that the original complaint could no longer be dismissed—the Court <u>did not make any decision addressing whether the reasons offered by Defendant in its motion to dismiss the original complaint were valid</u>. Accordingly, the motion to dismiss the original complaint was denied "*without prejudice.*" The term "without prejudice" means that Defendant is still allowed to file another motion to dismiss in order to address Plaintiff's amended complaint.[1]

Plaintiff has also filed a Motion for Stay Pending the Disposition of a Motion (Dkt. 18). As with Plaintiff's motion for summary judgment, the Court will determine this motion without a hearing. *See* E.D. Mich. LR 7(f)(2). Plaintiff seeks to stay all proceedings pending the resolution of her Motion for Review of Appointment of Counsel ("motion for reconsideration") (Dkt 13). The Court entered an Order on May 13, 2013 denying the motion for reconsideration (Dkt. 15), but it appears that Plaintiff's motion and the Court's Order crossed paths with each other in the mail. Because the Court has already denied Plaintiff's motion for reconsideration, a motion for a stay of proceedings pending the resolution of that prior motion is necessarily moot. Said another way, the reason Plaintiff offers for

---

[1] Although a new motion to dismiss has been filed (Dkt. 14), this order does not address the merits of that motion. As stated in the Court's May 13, 2013 Notice of Determination without Oral Argument (Dkt. 16), Plaintiff has until June 13, 2013, to respond to Defendant's motion to dismiss the amended complaint. Defendant will then have until June 27, 2013, to reply to Plaintiff's response. The Court will then determine the motions based on the briefs filed by the parties.

seeking a stay of the proceedings—i.e., the need to wait until the "Motion for Review of Appointment of Counsel" is resolved—is no longer a valid reason for a stay because that motion has already been decided.

For the reasons stated above, it is **ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. 17) is **DENIED**.

It is **FURTHER ORDERED** that Plaintiff's Motion for Stay Pending the Disposition of a Motion (Dkt. 18) is **DENIED** as moot.


Dated: May 16, 2013          s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on May 16, 2013, using the CM/ECF system, which will send notification to Defendant. A Copy of this Order was also served upon Gina Moller by ordinary mail at P.O. Box 233, Jackson, MI 49204.

s/A. Chubb
Case Manager

4