UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

GINA MOLLER,

       Plaintiff,

                                Case No. 12-15524
v.                              HON. TERRENCE G. BERG

CMS – CENTERS FOR MEDICARE
 & MEDICAID SERVICES,

       Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS (DKT. 14)

      Plaintiff Gina Moller, who is representing herself, seeks to challenge Medicare's payment structure as it relates to mental health services. Plaintiff's Complaint asserts that The Centers for Medicare & Medicaid Services ("CMS") is unlawfully discriminating against those with mental health disorders, in violation of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States, by requiring them to pay a greater percentage of the cost of mental-health services than what is required for non-mental-health services.[1]

      Before the Court is Defendant's Motion to Dismiss for lack of subject matter jurisdiction (Dkt. 14), arguing both that Plaintiff has failed to exhaust administrative remedies prior to filing suit, and that the amount in controversy is less than the amount necessary to entitle Plaintiff to judicial review. Pursuant to

---

[1] According to Plaintiff, Medicare covers 80% of the cost of most health related expenses (leaving patients responsible for a 20% copayment) but only covers 60% of the cost of mental health services (leaving patients with a 40% copayment).

Eastern District of Michigan Local Rule 7.1(f)(2) this motion will be determined without a hearing.

As further discussed below, the Court finds that because Plaintiff did not pursue the administrative remedies set forth in the Medicare Act before filing this lawsuit, the Court does not have jurisdiction. For that reason, Defendant's motion is GRANTED and the case is DISMISSED WITHOUT PREJUDICE.

### I. FEDERAL SUBJECT MATTER JURISDICTION AND THE MEDICARE ACT

Federal courts are courts of limited jurisdiction. In other words, unless jurisdiction is authorized by the Constitution or other federal laws, district courts lack the power to adjudicate legal disputes. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The jurisdiction conferred on federal courts by this statute is commonly referred to as "federal question" jurisdiction, and it typically allows this Court to hear cases where a plaintiff alleges that a certain federal law violates the Constitution. However, this is a case challenging the allocation of costs under Medicare, and Congress has prescribed a specific and exclusive method for judicial review of any and all disputes arising under the Medicare program. *See Michigan Ass'n of Homes and Services For Aging v. Shalala*, 127 F.3d 496, 497 (6th Cir. 1997);

2

*Michigan Ass'n of Indep. Clinical Labs v. Shalala*, 52 F.3d 1340, 1344-46 (6th Cir. 1994).

In particular, Congress has limited federal court jurisdiction by expressly incorporating 42 U.S.C. § 405(h) of the Social Security Act into the Medicare Act. *See* 42 U.S.C. § 1395ii. Section 405(h) provides:

> No finding of fact or decision of the . . . [Secretary]² shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the . . . [Secretary], or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). Furthermore, according to Sixth Circuit Court of Appeals and Supreme Court precedent, § 405(h) even bars the exercise of federal question jurisdiction in cases such as this, where a plaintiff's challenge is based on the Constitution. *See Michigan Ass'n of Homes and Services For Aging*, 127 F.3d at 499; *see also Weinberger v. Salfi,* 422 U.S. 749, 766-67 (1975) (finding that the Secretary may waive administrative hearing requirement where sole question is a matter of Constitutional law, but noting that the Secretary must first be given an opportunity to respond to claim); *Heckler v. Ringer,* 466 U.S. 602, 622 (1984) (finding that jurisdictional bar applies to constitutional challenges, unless such challenges are "wholly collateral" to a claim for benefits); *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000) (noting that where a plaintiff seeks a monetary benefit, the "statute plainly bars § 1331 review in such a case,

---

² Statutory substitutions are in conformance with 42 U.S.C. § 1395ii ("[W]ith respect to this subchapter, any reference therein to the Commissioner of Social Security or the Social Security Administration shall be considered a reference to the Secretary or the Department of Health and Human Services, respectively.")

3

irrespective of whether the individual challenges the agency's denial on evidentiary, rule-related, statutory, constitutional or other legal grounds").

According to these cases and the relevant federal statutes, the **exclusive** method for obtaining judicial review of Medicare Part B benefits claims, such as this, is by following the administrative procedures detailed in the Medicare Act. No court can hear Plaintiff's Complaint unless and until she complies with the process set forth in the Omnibus Budget Reconciliation Act of 1986, Pub. L. No. 99-509, § 9341(a)(1), 100 Stat. 1874, 2037-38 (1986), codified at 42 U.S.C. § 1395ff.

**A.    Failure to Exhaust Administrative Remedies**

The Medicare Act not only provides the sole basis for jurisdiction over Medicare claims, but it also requires that claims be pursued all the way to the end of an administrative review process before the Court is able to exercise its jurisdiction. *See* 42 U.S.C. § 1395ff(b)(1)(A) (limiting judicial review to reconsideration of the Secretary's "final decision," reached at the conclusion of the administrative review process). The completion of the administrative review process, often referred to as the 'exhaustion of administrative remedies,' is required before the Court can exercise jurisdiction. *Salfi*, 422 U.S. at 764, 766 (holding a "final decision" is "central to the requisite grant of ... jurisdiction" and therefore is a "statutorily specified jurisdictional prerequisite" to suit); *see also Ringer*, 466 U.S. at 617-19 (1984) (dismissing suit challenging the Secretary's actions under Medicare Part B due to failure to exhaust administrative remedies as required by 42 U.S.C. § 405(g)).

In this case, Plaintiff did not complete the administrative review process before bringing this action. In an attempt to get around the administrative exhaustion requirement, Plaintiff makes two arguments: (1) that exhaustion is not necessary in her case, and (2) that she tried to exhaust administrative remedies but was unsuccessful. Plaintiff's first argument is that because she is disabled, it is not necessary to obtain a "right-to-sue" letter before going to court. (Dkt. 21, Pl.'s Resp. 1). As Defendant states in its reply, however, the "right-to-sue" letter requirement (and any exceptions) come from the law of employment discrimination. (Dkt. 22, Def.'s Reply 2). Such concepts have no applicability to disputes arising under Medicare.[3] Plaintiff's second argument appears to be that she attempted to obtain administrative review by writing letters to various "de facto Administrative Law Judges," including the Attorney General, the Social Security Administration, and the Department of Health and Human Services Office for Civil Rights, but that none of those offices took any action regarding her claim. (Dkt. 21, Pl.'s Resp. 2). However, this argument has already been rejected by the Sixth Circuit Court of Appeals. *See Michigan Ass'n of Indep. Clinical Labs v. Shalala*, 52 F.3d 1340, 1350-51 (6th Cir. 1994) (holding that the requirements for administrative exhaustion

---

[3] Although it is true that the exhaustion requirement may be waived in certain, limited circumstances, *see Manakee Prof'l Med. Trans. Serv., Inc. v. Shalala*, 71 F.3d 574, 582 (6th Cir. 1995) (citing *Bowen v. City of New York,* 476 U.S. at 482-86 (1986) (courts contemplating waiver of the exhaustion requirement should consider (1) whether claims are wholly collateral to a claim for benefits, (2) whether claimant would suffer irreparable harm, and (3) whether exhaustion would be futile)), waiver would not be appropriate in this case, as none of the factors the Supreme Court directed courts to consider when contemplating waiver apply here: The letters attached to Plaintiff's Complaint make it clear that Plaintiff is seeking to rectify what she believes to be "gross overbilling," such that her claim cannot possibly be seen as collateral to an award of benefits. Likewise, there is no potential for irreparable harm, as monetary damages would be sufficient to remedy Plaintiff's claimed injury. Finally, as in *Manakee*, the exhaustion of administrative remedies in Plaintiff's case cannot be seen as futile because an Administrative Law Judge is empowered to consider and decide challenges to the policies that led to the alleged overbilling.

must be carefully followed, including mailing a request for an administrative appeal to the correct office) (citing *Cardiac Monitoring Servs. Inc. v. Blue Cross Blue Shield of Ark.*, 807 F. Supp. 1422 (E.D. Ark. 1992) (holding letter writing campaigns are "not the type of administrative exhaustion envisioned by the Act")). Medicare has developed a multi-level system for efficiently processing appeals; Plaintiff's failure to follow that process does not allow her to ignore it entirely.[4]

Plaintiff has neither exhausted the administrative remedies available to her, nor shown why the exhaustion requirement should be waived in this case. In light of this, and because of Supreme Court and Sixth Circuit precedent holding that satisfaction of the administrative exhaustion requirement is necessary for jurisdiction,[5] this Court has no authority to hear Plaintiff's claims.

### B. Failure to Satisfy Jurisdictional Requirement of a Sufficient Amount in Controversy

Because the Plaintiff's failure to exhaust administrative remedies deprives the Court of any subject matter jurisdiction over this case, the Court need not reach the question of whether Plaintiff has satisfied the jurisdictional "amount in

---

[4] All individuals receiving Medicare benefits receive a Medicare Summary Notice ("MSN") every quarter, directly from Medicare. These notices include step-by-step directions on how to file an appeal, including the address to which all appeals must be mailed. Any and all challenges to Medicare's billing practices must begin with the filing of a written appeal, as set forth on the last page of every MSN. *See What is New on Your Redesigned "Medicare Summary Notice"?*, MEDICARE, 6 (March 29, 2013), http://www.medicare.gov/pubs/pdf/SummaryNoticeB.pdf.

[5] *See, e.g., Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1 (2000); *Heckler v. Ringer*, 466 U.S. 602 (1984); *Weinberger v. Salfi*, 422 U.S. 749 (1975); *BP Care, Inc. v. Thompson*, 398 F.3d 503 (6th Cir. 2005), *cert. denied*, 126 S.Ct. 622 (2005); *Oakland Medical Group, P.C. v. Secretary of HHS*, 298 F.3d 507 (6th Cir. 2002); C*athedral Rock of North College Hill, Inc. v. Shalala*, 223 F.3d 354 (6th Cir. 2000); *Michigan Ass'n of Homes & Servs. for Aging v. Shalala*, 127 F.3d 496 (6th Cir. 1997); *Manakee Prof'l Med. Trans. Serv., Inc. v. Shalala*, 71 F.3d 574 (6th Cir. 1995); *Michigan Ass'n of Indep. Clinical Labs v. Shalala*, 52 F.3d 1340 (6th Cir. 1994).

controversy" requirement. The Court notes, however, that the Medicare Act allows for judicial review only in cases where the amount of the claim in controversy is greater than a certain statutory minimum (set at $1400 for claims in the calendar year 2013). This minimum required amount is adjusted annually to reflect increases in the "medical care component of the consumer price index." 42 U.S.C. §§ 1395ff(b)(1)(E)(i), 1395ff(b)(1)(E)(iii).[6] Consequently, if Plaintiff were now to pursue a claim through the administrative review process and obtain a final decision from the Secretary, the value of that claim would need to be greater than the statutory minimum in order for this Court to have jurisdiction to review the Secretary's decision.

## II. CONCLUSION

Plaintiff's failure to satisfy the Medicare Act's administrative exhaustion requirement prevents this court from exercising subject matter jurisdiction. Consequently, Defendant's Motion to Dismiss is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

Dated: August 2, 2013                              s/Terrence G. Berg
                                                   TERRENCE G. BERG
                                                   UNITED STATES DISTRICT JUDGE

---

[6] The statutory minimum amount in controversy is published by the Secretary of Health and Human Services in the Federal Register. 42 C.F.R. § 405.1006(c)(1). For 2012 the judicial review threshold was $1,350. *See* Notice of Adjustment to the Amount in Controversy Threshold Amounts for Calendar Year 2012, 76 Fed. Reg. 59,138 (September 23, 2011). For 2013, the judicial review threshold is $ 1,400. *See* Notice of Adjustment to Amount in Controversy Threshold Amounts for Calendar Year 2013, 77 Fed. Reg. 59,618 (September 28, 2012).

**Certificate of Service**

      I hereby certify that this Order was electronically submitted on August 2, 2013, using the CM/ECF system, which will send notification to Defendant. A Copy of this Order was also served upon Gina Moller by ordinary mail at P.O. Box 233, Jackson, MI 49204.

                                                   s/A. Chubb
                                                 Case Manager